versions of the software.

For further details of Mr. Fuller's visit see the Affidavit of John A. Linton, paragraphs 3, 4, 13, 14 and 15.

14. Defendants admit that L&Y sold two computers along with software licenses that were used and having a reference on the invoice as "MICROSOFT OFFICE PROFESSIONAL 2003"on or about April 22, 2008 to an individual claiming to be Reid O'Neil. Upon information and belief, at all times relevant hereto, the individual claiming to be Mr. O'Neil was an employee and/or agent of the Plaintiff and was acting within the scope of said employment and/or agency. Defendants deny that L&Y provided any warranties beyond what is contained in the end-user license agreement accepted by the individual claiming to be Mr. O'Neal. Defendants deny that the used software licenses were infringing software and assert that based upon their testing of the used software, the software was neither counterfeit nor infringing. Prior to delivery to the individual claiming to be Mr. O'Neil, an employee of L&Y connected the computers to Plaintiff's website, used Plaintiff's authentication tools, tested the software with Plaintiff's authentication tools and received confirmation from Plaintiff that the software was genuine and non-infringing.

For further details of this transaction see the Affidavit of Matthew Linton, its exhibits and the Affidavit of John A. Linton, paragraphs 25-29.

15. All statements in this Paragraph are denied.

16. All statements in this Paragraph are denied.

17. All statements in this Paragraph are denied.

18. All statements in this Paragraph are denied.

19. All statements in this Paragraph are denied.

20.　No response to this Paragraph is required.

21.　Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's assertion that it is the sole owner of the identified software. By way of further response, upon information and belief, Plaintiff includes in its product software that is owned, licensed and copyrighted by other parties. This fact is admitted in Plaintiff's copyright exhibits.

22　All statements in this Paragraph are denied.

23.　All statements in this Paragraph are denied. By way of further response, Defendants performed all reasonable tests to insure that only non-infringing used software licenses were sold to the individuals claiming to be Mr. Logue and Mr. O'Neil, respectively. Plaintiff, through its agent Mr. Fuller, admitted that Defendants' actions constituted a good faith effort to avoid all infringement of Plaintiff's alleged copyright rights in addition to the fact that sophisticated counterfeit versions of Plaintiff's products were not detectable by any other reasonable means available to Defendants. For details of the meetings between Defendants and Plaintiff's authorized representative, see the Affidavit of John A. Linton, paragraphs 13-15.

24.　All statements in this Paragraph are denied. By way of further response, upon information and belief, Plaintiff abandoned Office Pro 2003 prior to March 22, 2007. Defendants sold used software licenses to Plaintiff through its agents, individuals claiming to be Mr. Logue and Mr. O'Neil, respectively. The gross income L&Y received as a result of selling two used licenses of Office Pro 2003 was less than $30.00 for both.

25.　All statements in this Paragraph are denied. By way of further response, Plaintiff's copyright claims are barred by *inter alia*, Plaintiff's copyright misuse and/or other statutory and/or common law defenses.

26.　All statements in this Paragraph are denied.

27.　All statements in this Paragraph are denied.

28. No response to this Paragraph is required.

29. All statements in this Paragraph are denied. By way of further response, one or more of Plaintiff's trademark claims are barred by *inter alia*, fraud upon the PTO, Plaintiff's trademark misuse and/or Plaintiff's trademark abandonment and/or other statutory and/or common law defenses. In addition, one or more of Plaintiff's trademarks are restricted to products and publications not present in this litigation.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of how Plaintiff markets and/or distinguishes its software products from others. Upon information and belief, it is common knowledge in the personal computer industry that Plaintiff's software includes software from other designers, manufacturers and/or distributors. Further, Plaintiff licenses computer manufacturers and OEM System Builders to provide its software under the corporate designations of those computer manufacturers and OEM System Builders.

31. Defendants admit that Plaintiff has established a reputation in the personal computer marketplace of providing software licenses. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's assertion that its trademarks have been used exclusively by Plaintiff, extend beyond the product or goods identified in the registration or have acquired a secondary non-generic meaning in the market place. For example, windows software is often associated with Xerox, Apple Computers, Inc., Borland International and Digital Research. By way of further response, the term "windows" has been adjudicated to be a generic term by the United States District Court of the Western District of Washington in the matter styled *Microsoft Corp. v. Lindows.com, Inc.*, Case Number 2:01-cv-02115-JCC, (W.D. Wash., 2002); 2:01-cv-02115-JCC, see the attached docket items number 64 and 72.of *Microsoft Corp. v. Lindows.com, Inc.*

32. All statements in this Paragraph are denied.

33. All statements in this Paragraph are denied.

34. All statements in this Paragraph are denied.

35. All statements in this Paragraph are denied. By way of further response, Defendants have relied upon Plaintiff's authentication and activation product to function properly and have requested Plaintiff to identify any other method they should use. To date, Plaintiff has failed to respond to Defendants' requests of November 2007. Plaintiff, through its agent Mr. Fuller, has admitted to Defendants that there is no other reasonable means available to Defendants to detect counterfeit Office Pro 2003 in the marketplace.

36. All statements in this Paragraph are denied. By way of further response, Plaintiff has abandoned Office Pro 2003. Further Defendant's gross income from the sale of said software is less than $30.00 for two Office Pro 2003 licenses.

37. All statements in this Paragraph are denied. By way of further response, one or more of Plaintiff's trademark claims are barred by *inter alia*, fraud upon the PTO, Plaintiff's trademark misuse, Plaintiff's trademark abandonment and/or other statutory and/or common law defenses.

38. All statements in this Paragraph are denied.

39. All statements in this Paragraph are denied.

40. No response to this Paragraph is required.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's assertion that it designed the graphic images for its products. Upon information and belief, Plaintiff's visual designs were created as works for hire. Defendants further object to the phrase "aesthetically pleasing" as being vague and subjective.

42. All statements in this Paragraph are denied.

43.   All statements in this Paragraph are denied.

44.   All statements in this Paragraph are denied.

45.   All statements in this Paragraph are denied.  By way of further response, Plaintiff's claims are barred by *inter alia*, trademark misuse, Plaintiff's trademark abandonment and/or other statutory and/or common law defenses.  Further Plaintiff abandoned the product known as Office Pro 2003 prior to the time period relevant hereto (*i.e.*, March 2007 to present).

46.   No response to this Paragraph is required.

47.   All statements in this Paragraph are denied.  By way of further response, Defendants never represented that the used software licenses were new products from Plaintiff.  Upon information and belief, Plaintiff does not sell or distribute used software.

48.   All statements in this Paragraph are denied.  By way of further response, Defendants demand strict proof of damages allegedly suffered as a result of the resale of used versions of abandoned products.

49.   No response to this Paragraph is required.

50.   All statements in this Paragraph are denied.  By way of further response, Plaintiff's authentication and activation tests indicated the software in question was genuine.

51.   All statements in this Paragraph are denied.

52.   All statements in this Paragraph are denied.

53.   All statements in this Paragraph are denied.

54.   No response to this Paragraph is required.

55.   All statements in this Paragraph are denied.  By way of further response, the sum total of Defendants' gross income from all alleged acts of infringement is less than $30.00.

-11-

56.     All statements in this Paragraph are denied. By way of further response, the cited statutory provisions are not applicable to the sale of used software.

57.     Defendants deny that Plaintiff is entitled to any amount of money and deny that they have committed any act of infringement.

58.     Defendants deny that Plaintiff is entitled to any of the relief requested in its prayer for relief. Defendants further deny each and every allegation contained within Plaintiff's Complaint that is not expressly admitted herein and demand strict proof thereof.

## DEFENDANTS' AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE - ACQUIESCENCE

59.     During the meeting of November 2007 between Plaintiff's agents and Defendants, Plaintiff waived its claims to damages for infringement prior to November 2007 by its acquiescence. Plaintiff's agents were asked repeatedly how the alleged infringements were to be resolved. Plaintiff's agents indicated that Plaintiff was waiving all infringement claims in consideration for L&Y discontinuing purchases from IET-PA, Inc. To date, L&Y continues to not purchase Microsoft software from IET-PA, Inc.

60.     Defendants also assert the defense of acquiescence pursuant to 15 U.S.C. § 1115 (b) (9).

SECOND AFFIRMATIVE DEFENSE - OEM SYSTEM BUILDER LICENSE

61.     Plaintiff issued to L&Y a license titled "Microsoft OEM System Builder License." In accordance with the license, L&Y is permitted to incorporate and provide Plaintiff's software products with computers it sells to its customers.

62.     In order to maintain its status as an authorized OEM System Builder, L&Y permits Plaintiff to review and control its business practices.