by the introduction of a Linux-based operating system. Even if all current users of Linux were to purchase Lindows OS immediately, this would still represent only a fraction of Microsoft's worldwide share of the operating system market. The relative size and strength of the parties also weighs dramatically in favor of Lindows.com. Further, the requested injunctive relief would eliminate the primary path the defendant has chosen to bring its product to market – the Lindows.com website. Finally, the Court views Microsoft's tarnishment argument as specious. Any software program is likely to have some defects upon release, and Microsoft has hardly been immune to these problems. See John Markoff, Stung by Security Flaws, Microsoft Makes Software Safety a Top Goal, N.Y. Times, Jan. 16, 2002, at C1 (describing an "embarrassing security flaw . . . found in . . . Windows XP, its new operating system.")

In sum, the Court finds that the balance of hardships does not tip sharply in Microsoft's favor.

## CONCLUSION

A protectable trademark is the cornerstone upon which a successful action under the Lanham Act is built. Lindows.com has presented sufficient evidence to rebut the presumption of validity of the Windows mark. Analysis of Microsoft's affirmative evidence in support of validity yields at most the conclusion that Microsoft has only raised serious questions about the merits of its case. The Court also finds that the balance of hardships does not tip sharply in favor of Microsoft.

It is necessary to emphasize that, at this nascent stage in the litigation, the Court's determination that there are serious questions regarding whether Windows is a non-generic name and thus eligible for the protections of federal trademark law is not a conclusive finding that the trademark is invalid. Rather, the procedural posture of the motion for preliminary injunction merely indicates that the moving party has failed to make a sufficient showing of likelihood of success on the merits. This finding, in

ORDER – 28

1 | conjunction with the Court's determination that the balance of hardships does not sharply favor
2 | Microsoft, requires the Court to DENY the motion.

SO ORDERED this 15th day of March, 2002.

*[signature]*

CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 29