FILED ___ ENTERED
___ LODGED ___ RECEIVED

MAY 13 2002

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

    Plaintiff,

v.

LINDOWS.COM, INC.,

    Defendant.

CASE NO. C01-2115C

ORDER

On March 15, 2002, the Court issued an Order denying Plaintiff's motion for a preliminary injunction on the grounds that Microsoft had only raised "serious questions" about the merits of its case and the balance of hardships did not tip sharply in its favor (Dkt. No. 64). The Court's preliminary ruling analyzed the validity of Microsoft's "Windows" trademark and concluded that the "roughly equal bodies of evidentiary support" prevented it from granting the preliminary injunction. In the Motion for Reconsideration presently before the Court (Dkt. No. 67), Microsoft contends that the Court applied the wrong test for genericness and further argues that it misapplied the evidence submitted by Lindows.com.

Under the Local Rules of the Western District of Washington, "[m]otions for reconsideration are disfavored" and will ordinarily be denied unless the moving party shows "manifest error in the prior



CV 01-02115 #00000072

72

ruling or . . . new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Rule CR 7(h)(1). Microsoft's motion is brought under the rule's "manifest error" standard, as it claims that a "fundamental misapprehension of the test for 'genericness' led the Court" to an incorrect conclusion. Pla.'s Mot., at 1.

## I. TEST FOR GENERICNESS

The Court cited to and applied the Ninth Circuit's test for genericness: "A generic term is one that refers to the genus of which the particular product is a species." Order, at 14 (quoting Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 821 (9th Cir. 1996)). The Order also relied upon several cases from the Seventh Circuit which applied an indistinguishable standard: "in order to be generic . . . the word in question must serve to denominate a type, a kind, a genus or a subcategory of goods." Order, at 25 (quoting Henri's Food Prods. Co. v. Tasty Snacks, Inc., 817 F.2d 1303, 1305-06 (7th Cir. 1987)).

Microsoft argues that Lindows.com presented no evidence showing that the consuming public understood "windows" to refer to the class of goods commonly described as operating systems. It also contends that the Court's use of Seventh Circuit case law "conflicts directly with the Ninth Circuit test which requires that the alleged generic term . . . be considered as a whole and that genericness turns on consumers' perception of the whole term." Pla.'s Mot., at 2-3. The plaintiff's argument, however, misconstrues the Court's synthesis of the case law from the two circuits.

As demonstrated by the quoted sections above, the Ninth and Seventh Circuits apply a test for genericness that is for all intents and purposes identical. The Seventh Circuit has gone further to explain why an "adjective can be a generic term when that word is part of a common descriptive name of a kind of goods." Henri's Food Prods., 817 F.2d at 1305. Thus, the Seventh Circuit held that "light," and its phonetic equivalent "lite," were generic words when used in reference to beer because "light beer" was a generic name for a type of beer. See Miller Brewing Co. v. G. Heileman Brewing Co., 561 F.2d 75,

ORDER – 2

1  80-81 (7th Cir. 1977). The Seventh Circuit used this analysis again in Henri's Food Prods. when it
2  concluded that "tasty" was not a generic term because "'tasty salad dressing' is not a kind, sort, genus or
3  subcategory of salad dressing." 817 F.2d at 1306. By example, the court contrasted "French dressing,"
4  showing that "French," unlike "tasty," did "serve[] to classify the noun to which it is attached." Id.; see
5  also Mil-Mar Shoe Co. v. Shonac Corp., 75 F.3d 1153, 1160 (7th Cir. 1996) (finding "warehouse shoes"
6  to be generic).

7      Microsoft also contends that the Court should reject the Miller Brewing line of cases from the
8  Seventh Circuit because they conflict directly with the Ninth Circuit's approach of determining
9  genericness of composite terms by examining the term as a whole rather than its constituent parts
10 individually. See Filipino Yellow Pages, 198 F.3d 1143, 1148-1150 (9th Cir. 1999) (rejecting
11 arguments that a combination of generic words yields a generic term and discussing cases where the
12 court analyzed the terms "Committee for Idaho's High Desert," "California Cooler," "Self-Realization
13 Fellowship Church" and "Filipino Yellow Pages" as a whole to determine whether they were generic).
14 The Seventh Circuit adheres to the same approach, as it unequivocally stated in Mil-Mar Shoe, 75 F.3d
15 at 1161 ("We have recognized in the past that the genericness of a composite term must be evaluated by
16 looking at the term as a whole."). All of the Seventh Circuit cases cited by the Court first analyzed the
17 composite terms – "tasty salad dressing," "French dressing," "warehouse shoes" and "light beer" – as a
18 whole before concluding that the adjectives classifying the nouns to which they were attached were also
19 generic terms. In sum, no direct conflict exists between the two circuits' tests for genericness of
20 composite terms. Further, the Ninth Circuit has never commented on, let alone rejected, the Seventh
21 Circuit's genericness evaluation of adjectives that classify nouns, and the Court believes that it would
22 accept Miller Brewing's reasoning if it were ever presented with the question.

23     The Court's conclusion regarding the distinctiveness of the "Windows" trademark follows
24 directly from the synthesis of this case law. Pointing to "light beer" and "matchbox toys" as examples
25 consistent with Ninth Circuit law where consumers viewed composite terms as genus names, see Pla.'s
26 ORDER – 3

Mot., at 2 n.2, Microsoft maintains that "Windows" cannot be generic because it is not the name for a class of products. Microsoft's reasoning is flawed because it ignores the Seventh Circuit's case law holding that when a composite term is generic and is made up of an adjective (or other descriptive word) that classifies a noun, the adjective itself can also be a generic term. Microsoft's argument also ignores its own analysis of the Defendant's evidence, which shows repeated references to the composite terms "window manager," "windowing environment," "windows programs" and several others. Microsoft's outline of the evidence in the Declaration of Timothy L. Boller even characterizes each of these composite terms as the genus for a type of product. See Boller Decl. ¶ 16, Exs. 1-14 (highlighting trademark references to "Windows" in blue, descriptive references in yellow and genus references in pink/purple).

Through its own use of the evidence, Microsoft essentially admits that these terms refer to the genus of computer software products that have windowing capability. Just as with "light beer" and "matchbox toys," see 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 12:10 (4th ed. 2001) (citing cases), it logically follows that the use of "windows," "window" and "windowing" is also generic when used to refer to the same class of products.

## II. EVIDENCE OF GENERICNESS

Having clarified the legal analysis relied upon by the Court in its ruling on the motion for a preliminary injunction, it is worth revisiting briefly some of the evidence with a sharper focus.

Several news articles that pre-date the introduction of Microsoft Windows as well as the first attempt to register the trademark include references to "window managers" and specifically point to Microsoft Windows as a product within this genus. In an article describing Microsoft's entry into the "window wars," the author frequently used the term "window managers" to describe Microsoft's first "Windows" product. See John Markoff, Microsoft Does Windows, InfoWorld, Nov. 21, 1983, at 32 ("Microsoft announced Windows, a window manager and graphical-device interface . . . .") (Boller

ORDER – 4