# EXHIBIT B

FILED

2002 DEC -9 PM 5:54

CLERK, US DISTRICT COURT
OCALA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

v.        Case No. 5:02-cv-263-Oc-10GRJ

JESSE'S COMPUTERS & REPAIR, INC., a Florida corporation, JESSE EMERY, an individual,

Defendants.

## ORDER

Pending before the Court is Plaintiff Microsoft Corporation's Motion To Strike Defendant Jesse's Computers & Repair, Inc.'s Sixth Affirmative Defense Of Copyright Misuse ("Motion to Strike") (Doc. 10). The Defendant has failed to respond, and the time for doing so has expired. The matter is, therefore, ripe for review. For the following reasons, Plaintiff's Motion to Strike (Doc. 10) is due to be **GRANTED**.

### I. BACKGROUND & FACTS

The Plaintiff filed a Complaint in the above-captioned case on August 28, 2002, alleging that the Defendants willfully distributed unauthorized and infringing Microsoft software, in violation of federal copyright and trademark laws. (Doc. 1 at 1.) It is alleged that Jesse's Computers & Repair, Inc. ("Jesse's Computers") and Jesse Emery willfully installed and distributed unauthorized copies of various



Microsoft software, wrongfully misappropriated Plaintiff's advertising ideas and style of doing business, and used imitation virtual designs for the purpose of misleading and confusing consumers. (Doc. 1 at 2, 9.)

Defendant Jesse's Computers filed an answer in this case on October 11, 2002, and asserted several affirmative defenses, including the affirmative defense of copyright misuse. (Doc. 8 at 5.) Plaintiff moves to strike the affirmative defense of copyright misuse in the current motion.[1]

## II. THE LAW

Fed. R. Civ. P. 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." District courts have "broad discretion in disposing of motions to strike" under Fed. R. Civ. P. 12(f).[2] An affirmative defense will only be stricken, however, if the defense is "insufficient as a matter of law."[3] A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.[4] In evaluating a motion to

---

[1] Plaintiff's Motion to Strike relates only to Defendant Jesse's Computers. Defendant Jesse Emery has filed a Motion to Dismiss (Doc. 7), which is currently pending before the Court, and has not yet filed an answer in this matter. The Court, therefore, will hereafter, for the purpose of convenience, refer to Defendant Jesse's Computers as "Defendant."

[2] Anchor Hocking Corporation v. Jacksonville Electric Authority, 419 F.Supp. 992, 1000 (M.D. Fla. 1976).

[3] Id.

[4] Id.

2

strike, "the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings."[5]

### III. DISCUSSION

The Plaintiff contends that the affirmative defense of copyright misuse is "insufficient," as the Defendant has failed "to allege any nexus between Microsoft's supposed wrongful conduct and the allegations against Defendants." (Doc. 11 at 5.) Plaintiff asserts that the failure to strike the affirmative defense of copyright misuse will prejudice the Plaintiff, as Microsoft "will be...needlessly exposed to dramatically increased litigation expenses and effort" if the Defendant is permitted to proceed with this defense. (Doc. 11 at 8.)

The doctrine of copyright misuse "forbids the use of [a] copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office."[6] The defense of copyright misuse is an extension of the equitable doctrine of unclean hands, and will "bar enforcement of a valid copyright when a plaintiff commits wrongdoing of serious proportions."[7] The defense does not apply, however, "where plaintiff's misconduct is not directly related to the merits of the controversy

---

[5] LeMaster v. USAA Life Insurance Company, No. 95-1124-CIV-T-17(E), 1995 WL 708656, *1 (M.D. Fla. Nov. 27, 1995).

[6] Microsoft Corporation v. Computer Support Services of Carolina, Inc., 123 F.Supp.2d 945, 955 (W.D.N.C. 2000) (citing Lasercomb America, Inc. v. Reynolds, 911 F.2d 970, 977-979 (4th Cir. 1990).

[7] Saxon v. Blann, 968 F.2d 676, 680 (8th Cir. 1992) (internal citations omitted); see also Basic Books, Inc. v. Kinko's Graphics Corporation, 758 F.Supp. 1522, 1538 (S.D.N.Y. 1991) (discussing the evolution of the copyright misuse doctrine).

3

between the parties, but only where the wrongful acts affect the equitable relations between the parties with respect to the controversy."[8] In addition, while the defense of misuse through violation of antitrust laws has been recognized by some courts, such a defense "has generally been held not to exist."[9]

A. **Failure to Comply with Rule 8 Pleading Requirements**

The Defendant has failed adequately to plead the affirmative defense of copyright misuse in accordance with the "short and plain statement" requirement of Fed. R. Civ. P. 8(a).

Affirmative defenses are subject to the general pleading requirements of Fed. R. Civ. P. 8(a), which "generally requir[es] only a short and plain statement" of the defense asserted.[10] While an answer "need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations."[11] If the affirmative defense comprises no more than "bare bones conclusory allegations, it must be stricken."[12] However, even if an affirmative defense is stricken on technical grounds, the defendant is not precluded "from

---

[8] Saxon, 968 F.2d at 680 (internal citations omitted).

[9] Basic Books, Inc., 758 F.Supp. at 1538.

[10] Saratoga Harness Racing, Inc. v. Veneglia, No. 94-CV-1400, 1997 WL 135946, * 6 (N.D.N.Y. 1997).

[11] Id. (citing Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294-95 (7th Cir. 1989).

[12] Tome Engenharia E Transpoprtes, Ltd. v. Malki, No. 94 C 7427, 1996 WL 172286, *9 (N.D. Ill. 1996).

4

arguing its substantive merit later in the case."[13] Indeed, if an affirmative defense is valid as a matter of law, district courts may strike the technically deficient affirmative defense without prejudice, and grant the defendant leave to replead the stricken defense.[14]

A review of the Defendant's Answer reveals that the Defendant has failed to comply with Rule 8(a), as the Defendant has failed to set forth a statement of facts in support of the defense of copyright misuse.[15] Defendant's Sixth Affirmative Defense states, in its entirety, that the "Plaintiff is barred from enforcing its copyright against the Defendant since (sic) Plaintiff has engaged in licensing and other practices that constitute copyright misuse." (Doc. 8 at 5.) The Defendant, therefore, has failed to allege any facts whatsoever in support of its copyright misuse defense. While Rule 8 requires only a short and plain statement of the facts in support of the affirmative defense alleged, it is clear that the Defendant's copyright misuse defense falls woefully short of even the liberal requirements of Rule 8.

---

[13] Id.

[14] See Saratoga Harness Racing, Inc., 1997 WL 135946 at *6 (determining that several of the defendants' equitable defenses were due to be stricken without prejudice and granting the defendants leave to replead the technically deficient defenses).

[15] See Instituto Nacional de Comercializacion Agricola (Indeca) v. Continental Illinois National Bank and Trust Company, 576 F.Supp. 985, 989 (N.D. Ill. 1983) (finding that the defendants' affirmative defense of unclean hands complied with Rule 8 because the defendants "set forth a statement of facts" in support of the defense). As previously discussed, the doctrine of unclean hands and copyright misuse are closely related, and, while neither defense is enumerated in Rule 8(c), it is clear that both defenses are proper so long as they are supported by a statement of facts sufficient under Rule 8.

5

Accordingly, the Court determines that the Defendant has failed to plead the defense of copyright misuse with sufficient particularity and, therefore, the Defendant's Sixth Affirmative Defense of copyright misuse is due to be stricken. Moreover, for the reasons discussed below, the affirmative defense of copyright misuse is due to be stricken with prejudice.

**B. Copyright Misuse Analysis**

Even if Defendant had sufficiently pled the defense of copyright misuse, substantively the affirmative defense of copyright misuse fails, as a matter of law, and, thus, must be stricken.

The Eleventh Circuit has neither applied, nor definitively rejected the copyright misuse doctrine.[16] Similarly, while district courts in this Circuit have discussed the applicability of copyright misuse, none of these courts have expressly applied it as a valid defense.[17] Moreover, to date the Supreme Court, has not

---

[16] The Eleventh Circuit has addressed the issue only once. See Bellsouth Advertising & Publishing Corp. v. Donnelly Info. Publishing, Inc., 933 F.2d 952 (11th Cir. 1991), vacated, 977 F.2d 1435 (11th Cir. 1992) (stating that "the patent misuse defense closely fits the copyright law situation and may someday be extended to discipline those who abuse their copyrights"). In Bellsouth Advertising & Publishing Corp. - a decision that was later vacated en banc - the Eleventh Circuit expressly declined to apply the copyright misuse doctrine, but acknowledged that the doctrine might some day be available in copyright cases.

[17] See Telecomm Technical Services, Inc. v. Siemens Rolm Communications, Inc., 66 F.Supp.2d 1306, 1324 (N.D.Ga. 1998) (stating that "the Eleventh Circuit has not recognized the defense of 'copyright misuse'"); Mastercraft Fabrics Corporation v. Dickson Elberton Mills Inc., 821 F.Supp. 1503, 1511 n. 7 (M.D. Ga. 1993) ( stating that "this Court thinks that copyright misuse may be a viable defense under the appropriate circumstances," but declining to apply the doctrine); Georgia Television Company v. TV News Clips of Atlanta, Inc., Civ. A. No. 1:88-CV2207JTC, 1991 WL 204425, *6 n. 2 (N.D. Ga. 1991) (acknowledging that "substantial uncertainty persists whether the doctrine of copyright misuse even exists, " and stating that the "doctrine has not been definitively applied in this Circuit"); see also, generally, Lasercomb America, Inc., 911 F.2d at 976

(continued...)

"firmly established a copyright misuse defense in a manner analogous to the establishment of the patent misuse defense."[18]

However, even assuming *arguendo* that the doctrine of copyright misuse was recognized in the Eleventh Circuit, the Defendant has failed to set forth facts sufficient to establish a nexus between the Defendant's alleged infringing conduct and the Plaintiff's purported copyright misuse.

The Defendant has alleged only that the "Plaintiff has engaged in licensing and other practices that constitute copyright misuse." Thus, the Defendant has not only failed to disclose the specific wrongful conduct in which the Plaintiff has purportedly engaged, but the Defendant also has failed to establish how the Plaintiff's alleged wrongful conduct is directly related to the current case.[19] In order satisfactorily to assert the copyright misuse defense, the Defendant would need to assert facts analogous to the defense of "unclean hands," as well as assert a connection between that activity and the Defendant's infringing acts.[20] The

---

[17](...continued)
(discussing the "split on whether the defense should be recognized"); Basic Books, Inc. v. Kinko's Graphics Corporation, 758 F.Supp. 1522, 1537 (S.D.N.Y. 1991) (stating that the "defense of copyright misuse through violation of the antitrust laws has generally been held not to exist").

[18] Lasercomb America Inc., 911 F. 2d at 976.

[19] Although the Court is aware of the much-publicized allegations against and prosecution of the Plaintiff for antitrust violations, the Defendant has failed to mention the antitrust litigation in its Answer. Further, antitrust violations alone do not render Plaintiff's copyright and/or trademark unenforceable; rather, a defendant would still need to show a logical connection between the monopolistic practices of the plaintiff and the defendant's infringing acts. See Id. The Defendant has failed to allege either an antitrust violation or a nexus between the violation and the current case.

[20] Microsoft Corporation, 123 F.Supp.2d at 955 (internal citations omitted).

7

Defendant has failed to do either. The Defendant's copyright misuse defense, thus, fails as a matter of law, and must be stricken with prejudice.

Accordingly, Plaintiff's Motion to Strike (Doc. 10) is hereby **GRANTED**, and Defendant Jesse's Computers' sixth affirmative defense of copyright misuse is hereby **stricken with prejudice.**

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on this 9th day of December, 2002.

GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel

FILE COPY

Date Printed: 12/10/2002

Notice sent to:

    Christopher Annunziato, Esq.
    Holland & Knight, LLP
    200 S. Orange Ave., Suite 2600
    Orlando, FL  32801

    Edward L. Scott, Esq.
    Edward L. Scott, P.A.
    409 SE Fort King St.
    Ocala, FL  34471