IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08cv00596-GBL-JFA |
| ) | |
| v. ) | |
| ) | |
| L&Y ELECTRONICS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF MICROSOFT CORPORATION'S REPLY
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIMS**

Plaintiff and counter-defendant Microsoft Corporation ("Microsoft") submits this Reply Memorandum in support of its Motion to Dismiss, or alternatively, for a More Definite Statement, regarding the counterclaims brought by defendants and counterclaimants L&Y Electronics, Inc., a Virginia corporation, John A. Linton, an individual, and Sangsoon Linton, an individual, (collectively, "Defendants").

**INTRODUCTION**

Defendants' Opposition to Microsoft's Motion to Dismiss underscores the fact that Defendants' counterclaims are hopelessly muddled and without merit. In their Opposition, Defendants attempt to articulate a variety of baseless theories with the goal of diverting the Court's focus away from their own unlawful practices. Defendants' Opposition argues that their antitrust counterclaim hinges on the theory that Microsoft has "abandoned" its Office Professional Edition 2003 ("Office Pro 2003") software. However, Microsoft's creation of a new program does not result in the "abandonment" of its earlier software programs as Defendants contend and certainly does not excuse Defendants' dealings in counterfeit Office Pro 2003. Defendants further suggest Microsoft engaged in "price discrimination" yet fail to

articulate a valid, cognizable claim that would justify their own illegal conduct. Defendants also claim Microsoft's infringement lawsuit is a "sham" in which Microsoft has no legitimate interest in the outcome of its case. Again, Defendants' theory is without merit and is comprised of mere conjecture and rhetoric. Finally, Defendants' erroneously contend their breach of warranty claim should withstand Microsoft's motion to dismiss, but Defendants overlook the fact that their claim must fail because there can be no warranty associated with the counterfeit software distributed by Defendants.

Defendants' antitrust and breach of warranty counterclaims fail as a matter of law and should not be allowed to obfuscate Defendants' unlawful conduct. At a minimum, Defendants should be required to reformulate their counterclaims to identify the statutory foundation for their claims and articulate a clear, comprehendible basis for relief.

## ARGUMENT

**I.    DEFENDANTS' ANTITRUST COUNTERCLAIM SHOULD BE DISMISSED**

   **A.    Microsoft's Lawsuit Against Defendants Is Not A "Sham"**

Defendants' antitrust counterclaim fails because it is barred by the *Noerr-Pennington* doctrine. Under the *Noerr-Pennington* doctrine of immunity, plaintiffs cannot incur antitrust liability for instituting a lawsuit unless the litigation is a sham. Baltimore Scrap Corp. v. David J. Joseph Co., 237 F.3d 394, 398 (4th Cir. 2001). To constitute a sham, an action (1) must be "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits" and (2) must conceal "an attempt to interfere directly with the business relationships of a competitor through the use [of] governmental process – as opposed to the outcome of that process – as an anticompetitive weapon." See Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc., 508 U.S. 49, 60, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993).

An objectively reasonable effort to litigate cannot be a sham regardless of subjective intent. Id. at 57. A "reasonable belief that there is a chance that a claim may be held valid upon adjudication" provides an absolute defense precluding a finding of an antitrust violation. Id. at 62-63.

Although Defendants claim they present "factual allegations" that Microsoft's lawsuit constitutes sham litigation, their allegations consist of conclusory and speculative theories not grounded in reality. Defendants' position is premised on the flawed assertion that "Microsoft is indifferent to preventing infringement of Office Pro 2003" and is "indifferent to the outcome of the litigation because it has abandoned Office Pro 2003 as a product." [Opposition, p. 10.] Microsoft has not "abandoned" Office Pro 2003, but instead created and introduced a new program to the marketplace. Taking Defendants' position to its logical conclusion, any time a company introduces a new or updated version of a trademark and/or copyright protected product, it would be an "abandonment" of its earlier product and the company would forfeit its ability to protect its intellectual property rights associated with the earlier-introduced software. Defendants' approach defies logic and is at odds with the rights afforded by the Copyright and Lanham Acts. Indeed, among the extraneous materials submitted by Defendants in support of their counterclaims, a Microsoft corporate vice president states: "[o]ur business model of course allows you to keep using Office 2003—the software doesn't really expire." [Notice of Submission of Exhibits: News Artices (sic) and Technology Guarantee, BBC New Article dated November 20, 2006.] The documents submitted by Defendants confirm the fact that Microsoft has not "abandoned" Office Pro 2003.

Defendants further contend that Microsoft's litigation is a sham because "the bulk of its trademark registrations are inapplicable" and Microsoft "has no legitimate copyright interest" in

3

Office Pro 2003. [Opposition, p. 11.] Defendants' argument evidences a misunderstanding of copyright and trademark fundamentals. Microsoft has registered each of the copyrights and trademarks at issue in the United States Copyright Office and the United States Patent and Trademark Office, respectively, and attached those registrations as exhibits to its complaint. These registration certificates are prima facie evidence of Microsoft's ownership of valid copyrights and marks. See 17 U.S.C. § 410(c); 15 U.S.C. §1057(b); Brittingham v. Jenkins, 914 F.2d 447, 452 (4th Cir. 1990). Based on the faces of the registration certificates, Microsoft's rights in its copyrights and marks have not expired or lapsed and Microsoft is entitled to protect its intellectual property.

Nevertheless, Defendants claim that certain registrations have no relevance because, for example, they are "limited to computer programs sold as a unit with a manual." [Answer, ¶ 10.] Defendants' argument is misplaced because they distributed counterfeit Office Pro 2003, which is, in fact, a computer program sold as a unit with a manual. [Complaint, ¶¶ 8-9 & corresponding exhibits.] Defendants also baselessly claim that certain registrations are improper "due to fraud upon the United States Patent and Trademark Office," "vagueness," and because Microsoft supposedly "claim[ed] uses with which Plaintiff has not used the trademark." [Id.] Defendants' claims are merely concocted theories and cannot serve as substantive proof that Microsoft's litigation is a "sham." Remarkably, Defendants further assert that the trademark "Windows" has been "adjudicated unenforceable because it is a generic term" and refers to pleadings from Microsoft Corp. v. Lindows which Defendants submitted in conjunction with their counterclaims. Defendants are misleading the Court regarding the Lindows case. Defendants attached two orders from the United States District Court for the Western District of Washington regarding the court's decision to refrain from entering a preliminary injunction. The

4

Court's orders analyzed the validity of Microsoft's "Windows" trademark and concluded the parties' evidence prevented the court from granting the preliminary injunction. Notably, the court stated: "It is necessary to emphasize that, at this nascent stage of the litigation, the Court's determination that there are serious questions regarding whether Windows is a non-generic name and thus eligible for the protections of federal trademark law is not a conclusive finding that the trademark is invalid." [Notice of Submission of Exhibit: Lindows 64, Order p. 28.] The Lindows case concluded without a judgment or finding that Microsoft's "Windows" mark is invalid. Defendants' assertion that the "Windows" mark has been adjudicated unenforceable because it is a generic term is patently false.

Finally, Defendants claim that Microsoft's supposed motivation in filing its lawsuit against Defendants stems from its purported desire to "stifle the resale of used Office Pro 2003." [Opposition, p. 10.] Microsoft's lawsuit is not based on Defendants' dealings in "used" Office Pro 2003, but rather Defendants' dealings in *counterfeit* Office Pro 2003. Microsoft's action against Defendants is an "objectively reasonable" means of seeking redress for Defendants' distribution of counterfeit Microsoft software that infringed Microsoft's registered copyrights and trademarks.

Defendants have not alleged that Microsoft's lawsuit against them for distributing counterfeit software is a "sham" to defeat *Noerr-Pennington* immunity. As such, Defendants' antitrust counterclaim fails as a matter of law.

### B. Defendants Fail To State A Legitimate Antitrust Claim

Despite Defendants' efforts to create a theory to support their antitrust counterclaim, Defendants have failed to sufficiently allege the elements of any purported antitrust cause of action.

5

For the first time in their Opposition, Defendants identify statutes that Microsoft supposedly violated. Defendants appear to claim that Microsoft engaged in "price discrimination" in violation of the Robinson-Patman Act, 15 U.S.C. § 13, and Virginia Code § 59.1-9.7 by supposedly distributing its software to different persons at various prices.

In support of their position, Defendants cite <u>Texaco, Inc. v. Hasbrouck</u>, 496 U.S. 543, 110 S.Ct. 2535, 110 L.Ed.2d 492 (1990), and cursorily contend that "Microsoft offers unjustified price dicounts (sic) to Dell and others. Based upon these facts, which in many ways resemble those in <u>Texaco, Inc.</u>, Defendants have given notice to Microsoft of the existence of a *prima facie* case of price discrimination." [Opposition, p. 9.] The <u>Texaco</u> case, however, is inapposite in that it pertains to a manufacturer's price discrimination in the sale of gasoline in favor of wholesalers to the detriment of retailers and analyzed the role of "functional discounts."[1] Defendants have not made any allegations of misconduct by Microsoft that "resembles" the price discrimination at issue in <u>Texaco</u>. Defendants have not alleged Microsoft provided "functional discounts," let alone engaged in any disparate treatment between wholesalers and retailers. Moreover, Microsoft could not provide any type of "price discounts," anticompetitive or not, with respect to the counterfeit Microsoft software that Defendants distributed, since the price of the counterfeit is determined by the counterfeiters. Defendants' price discrimination argument consists of a three-page recitation of statutes, a citation to an irrelevant case, and parroting of antitrust terminology. Defendants have not articulated a comprehendible theory of liability based on "price discrimination."

Further, and as discussed in greater detail in Microsoft's Motion to Dismiss, Defendants do not possess the requisite standing to pursue their antitrust counterclaim. In their Opposition,

Defendants assert they have antitrust standing because they are supposedly unable to compete in the sale of new computers and used software. [Opposition, pp. 14-15.] Despite Defendants' argument, Microsoft is not responsible for Defendant's dealings in counterfeit Microsoft software as opposed to legitimate, genuine software.

Defendants employ inflammatory rhetoric and disjunctive antitrust buzzwords in an attempt to make it appear they have a legitimate counterclaim. Defendants are distributors of counterfeit software and therefore are not in competition with Microsoft or any other distributor of genuine Microsoft software. Defendants have not alleged facts demonstrating they suffered legitimate competitive harm. The counterclaim does not contain the requisite substantive allegations that Microsoft directed purported unlawful predatory conduct toward Defendants or that Defendants suffered any legitimate competitive injury at the hands of Microsoft. Defendants' transparent attempt to justify and excuse their distribution of counterfeit Microsoft software should not be endorsed by this Court and Defendants' antitrust counterclaim should be dismissed.

## II.     DEFENDANTS' BREACH OF WARRANTY CLAIM SHOULD BE DISMISSED

Defendants miss the point with respect to their purported breach of warranty counterclaim. Defendants allege in their Counterclaim that if Microsoft prevails on its claims of copyright and trademark infringement, then Microsoft breached its warranties associated with its "activation software product." Counterclaim, ¶ 111. In other words, Defendants suggest that if they distributed counterfeit Microsoft software, it was Microsoft's fault because "Microsoft's own activation product failed to detect such elements and must have therefore been defective." Counterclaim, ¶ 112. In their Opposition, Defendants indicate their breach of warranty claim is

---

[1] "Functional discounts" are discounts given to a purchaser based on the purchaser's role in the supplier's distribution system when the discount reflects, at least in a generalized sense, the services performed by

based on the terms of the End User License Agreement in which Microsoft represented its "activation process and/or software would detect non-genuine software." [Opposition, pp. 6.]

The End User License Agreement referred to by Defendants expressly states that "[t]his EULA is valid and grants the end-user rights ONLY if the Software is genuine and a genuine Certificate of Authenticity ('COA') for the Software is included." [Notice of Submission of Affidavit of John A. Linton] The software at issue in this case was counterfeit, such that the EULA is inapplicable by its very terms. The counterfeit software distributed by Defendants cannot carry any warranties by Microsoft because Microsoft did not create and distribute the counterfeit software. The Court should dismiss Defendants' breach of warranty counterclaim without leave to amend.

### III.     IN THE ALTERNATIVE DEFENDANTS SHOULD BE REQUIRED TO FILE A MORE DEFINITE STATEMENT OF THEIR COUNTERCLAIMS

At a bare minimum, Defendants should be required to replead their counterclaims and provide a more definite statement of their antitrust and breach of warranty claims. As currently alleged, Defendants' counterclaims do not provide sufficient notice of their claims. For example, Defendants' breach of warranty counterclaim does not indicate whether it is based on Virginia common law or Virginia statutory law. Defendants' antitrust counterclaim similarly does not identify either the federal law or state law bases for the claims. Microsoft is left to guess about the true nature of Defendants' counterclaims and Defendants are free to continue to modify the underlying bases for their claims because they have not provided any meaningful notice as required.

### CONCLUSION

For the foregoing reasons and those set forth in Microsoft's Motion to Dismiss, Microsoft

---

the purchaser for the supplier. Id. at 554.

respectfully requests this Court dismiss Defendants' counterclaims, or alternatively, require Defendants to submit a more definite statement of their claims.

DATED this 20th day of August, 2008.

        Respectfully submitted,

        By_____/s/_____
           John K. Roche (VSB# 68594)
           Perkins Coie, LLP
           607 Fourteenth Street N.W., Suite 800
           Washington D.C.  20005-2003
           Phone:  202-434-1627
           Fax:  202-654-9106
           JRoche@perkinscoie.com

        Attorney for Plaintiff Microsoft Corporation

## CERTIFICATE OF SERVICE

I hereby certify this 20th day of August, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following individual:

Jenine Elco Graves, VSB# 44877
QUINTO & WILKS, P.C.
3441 Commission Court
Lake Ridge, Virginia  22192
Phone: 703-492-9955
Fax: 703-492-9455
jgraves@quintowilks.com

Co-counsel for Defendants

And I hereby certify that I will mail the document by U.S. mail and electronic mail to the following non-filing user:

Timothy W. Graves, VSB# 45414
A ATTORNEY LLC
9300 Grant Avenue, Suite 203
Manassas, Virginia  20110
Phone: 703-365-8306
Fax: 703-365-8307
a-atty@verizon.net

Co-counsel for Defendants

                                                 By      /s/      
                                                    John K. Roche (VSB# 68594)
                                                    Perkins Coie, LLP
                                                    607 Fourteenth Street N.W., Suite 800
                                                    Washington D.C.  20005-2003
                                                    Phone:  202-434-1627
                                                    Fax:  202-654-9106
                                                    JRoche@perkinscoie.com

                                                    Attorney for Plaintiff Microsoft Corporation