**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **MICROSOFT CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:08cv00596-GBL-JFA** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **L&Y ELECTRONICS, INC.,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**PLAINTIFF MICROSOFT CORPORATION'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Plaintiff Microsoft Corporation ("Microsoft") submits this Reply Memorandum in support of its motion to strike the Fourth, Fifth, Eighth and Ninth Affirmative Defenses set forth in the answer of defendants and counterclaimants L&Y Electronics, Inc., a Virginia corporation, John A. Linton, an individual, and Sangsoon Linton, an individual, (collectively, "Defendants").

## INTRODUCTION

Defendants state they are "in the business of respecting Microsoft's intellectual property rights," yet argue that Microsoft did not suffer any detriment because Defendants distributed high quality counterfeit software. Defendants not only disrespect Microsoft's intellectual property rights, but they also disrespect the law. Defendants try to mask their illicit conduct by asserting several defenses that are irrelevant and improper in this action. Defendants cannot overcome the fact that their affirmative defenses of antitrust violations, copyright misuse, trademark misuse, and unclean hands lack the requisite relationship to Microsoft's claims. Defendants' proffered defenses fail as a matter of law because they are unrelated to the facts alleged in Microsoft's Complaint. Defendants cannot establish that Microsoft has engaged in any anticompetitive behavior or any wrongful conduct beyond the

scope of the rights granted to it by its copyright and trademark ownership and the law. Defendants would like the Court to believe Microsoft's initiation of this infringement action and Microsoft's introduction of a new software program somehow constitute abuse of its rights, but they do not.  Because Defendants' affirmative defenses are legally insufficient, Defendants' affirmative defenses must be stricken without leave to amend.

## ARGUMENT

### I.   DEFENDANTS' COPYRIGHT AND TRADEMARK MISUSE AND UNCLEAN HANDS AFFIRMATIVE DEFENSES ARE LEGALLY INSUFFICIENT AND IMPROPER

Defendants contend their defenses of copyright misuse, trademark misuse and unclean hands are appropriate because Defendants have supposedly pled ample facts.  The copyright and trademark misuse and unclean hands defenses are legally inapplicable here. The misuse and unclean hands affirmative defenses require that the copyright and trademark holder misuse its copyright and trademark in an anticompetitive or unduly restrictive matter that is related to the claims at issue between the parties.  Microsoft's proper efforts to stop the distribution of counterfeit Microsoft software, a right expressly granted to it by the Copyright Act and the Lanham Act, cannot amount to misuse.

### A.   The Misuse And Unclean Hands Defenses Are Inapplicable To This Case.

1.   <u>Defendants' Copyright Misuse Defense Should Be Stricken</u>

Copyright misuse "forbids the use of the copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office." <u>Lasercomb America, Inc. v. Reynolds</u>, 911 F.2d 970, 977-79 (4th Cir. 1990).  As set forth in greater detail in Microsoft's Motion to Strike, an essential element of the copyright misuse defense is that the copyright owner somehow misused or abused its copyright – beyond the ordinary and proper

protections it affords – to prevent others from competing in the market.  <u>Microsoft Corp. v. Computer Support Services of Carolina, Inc.</u>, 123 F.Supp.2d 945, 955 (W.D.N.C. 2000).  A defendant asserting the copyright misuse affirmative defense must demonstrate a nexus between the plaintiff's purported misconduct and the defendant's infringing acts.  <u>Id.</u> at 955 (citations omitted).

Defendants devote a considerable amount of their Opposition to the evolution of the copyright misuse defense and the applicability of the <u>Lasercomb</u> decision.  Microsoft does not dispute that <u>Lasercomb</u> is pertinent to this discussion.  In fact, the <u>Lasercomb</u> decision supports Microsoft's argument that Defendants' misuse defense is inappropriate in this action. In <u>Lasercomb</u>, the Fourth Circuit held that it was copyright misuse for a copyright holder's license agreement to prohibit the licensee from developing a competitive product. <u>Lasercomb</u>, 911 F.2d at 971-73.  Here, unlike the <u>Lasercomb</u> case, Microsoft's copyright infringement claim is based only on Defendants' distributions of infringing copies of Microsoft software.  There is no evidence or allegation that Microsoft used the copyrights at issue to limit Defendants' ability to use or distribute competitive products, or to distribute genuine, non-infringing Microsoft software.  Defendants do not claim that Microsoft employed any copyright to stop them from utilizing or developing a competitive product. <u>See</u> <u>Computer Support Services</u>, 123 F. Supp.2d at 956.  Defendants instead contend that Microsoft's lawsuit constitutes a misuse of its copyrights.[1]  Defendants' assertion is

---

[1]  Defendants have repeatedly claimed that Microsoft's litigation constitutes misuse and is a "sham" action.  Microsoft has responded to Defendants' allegations in its Motion to Dismiss Defendants' Counterclaims and its Motion to Strike, as well as its Reply in Support of its Motion to Dismiss.  In

unavailing, as they have presented no facts indicating that Microsoft misused the copyrights

at issue in this litigation in a manner to restrict Defendants' ability to develop or use

competing products or to restrict the distribution of non-infringing Microsoft software.  To

the contrary, Microsoft commenced this action to enforce the legal rights conferred to it by

the Copyright Act and to seek redress from Defendants as a result of their infringing conduct.

See e.g., A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1027 (9th Cir. 2001) (rejecting

copyright misuse defense at preliminary injunction stage where "[t]here is no evidence here

that plaintiffs seek to control areas outside of their grant of monopoly.  Rather, plaintiffs seek

to control reproduction of their copyrighted works, exclusive rights of copyright holders.").

Defendants further allege that they have properly stated a copyright misuse defense

by alleging a "plethora of facts" that, in essence, boil down to the same strained theory that

Defendants have asserted time and time again – that Microsoft's introduction of Office 2007

is an "abandonment" of Office Pro 2003 and adversely impacts the market for "used copies

of Office Pro 2003."  [Opposition, p. 15.]  Defendants' argument must fail because it would

lead to the absurd conclusion that the introduction of a new software program into the

marketplace justifies the distribution of counterfeit software and constitutes copyright

misuse.  Microsoft has done nothing to prohibit Defendants' development or use of a

legitimate product that competes with Microsoft software, be it Office 2007, Office Pro 2003,

or any other Microsoft software program.  Microsoft's introduction of a new software

program does not impede Defendants' ability to compete in the "used" software market.

---

an effort to avoid even more redundancy, Microsoft incorporates those arguments as part of this
Reply.

Simply stated, Microsoft's introduction of new, genuine software cannot justify Defendants' distribution of counterfeit Microsoft software.

        2.    <u>Defendants' Trademark Misuse and Unclean Hands Defenses Should Be Stricken</u>

It is elementary that the defenses of unclean hands and trademark misuse require that the plaintiff's alleged misconduct relate directly to the merits of the controversy between the parties. <u>See</u> <u>Tveter v. AB Turn-O-Matic</u>, 633 F.2d 831, 838-39 (9th Cir. 1980); <u>Mitchell Bros. Film Group v. Cinema Adult Theater</u>, 604 F.2d 852, 863 (5th Cir. 1979). There must be a direct relationship between the asserted misuse of the mark and the acquisition of the mark holder's trademark rights. <u>Tveter</u>, 633 F.2d at 839 (holding that misuse of the trademark was not a valid defense because the defendant failed to establish a relationship between the misuse and the plaintiff's acquisition of its trademark rights.) Likewise, it is well established that the defense of unclean hands must be related to the claim to which it is asserted as a defense, and that the mark holder's hands were dirtied in acquiring the rights he asserts. <u>Republic Molding Corp. v. B. W. Photo Utilities</u>, 319 F.2d 347, 349 (9th Cir. 1963); <u>Tveter</u>, 633 F.2d at 839.

Defendants suggest their trademark misuse affirmative defense is warranted "as a defense to *statutory* damage claims in Microsoft's registered trademarks." [Opposition, p. 5 (emphasis in original).] Specifically, Defendants claim that Microsoft could not incur any damages because Defendants trafficked in high quality counterfeit that did not tarnish customer's perception of the quality of Microsoft software programs. [Opposition, pp. 5-6.] Defendants' position evidences the apathy for the law and Microsoft's intellectual property rights that led to Defendants' distribution of counterfeit Microsoft software. Defendants'

attitude regarding the impact of their distribution of counterfeit software improperly trivializes the harm suffered by Microsoft as the owner of the marks at issue and Defendants' customers who did not receive genuine, legitimate Microsoft software.  Not surprisingly, Defendants do not cite to any case law in support of their position that a high quality counterfeit does not cause harm to a trademark holder or to the consumer.

Defendants also claim their trademark misuse defense is appropriate because Microsoft's trademark registrations are supposedly inapplicable or defective.  [Opposition, p. 6.]  However, as discussed in greater detail in Microsoft's Reply in support of its Motion to Dismiss Defendants' Counterclaims, Defendants' baseless contentions are belied by the registrations attached as exhibits to Microsoft's Complaint.  For example, Defendants state that certain trademark registrations are inapplicable because the registrations are limited to computer programs sold as a unit with a manual.  [Opposition, p. 6.]  Defendants' assertion is incorrect because Defendants distributed counterfeit Office Pro 2003 software, which is a computer program sold as a unit with a manual.  Defendants also misrepresent the status of the "Windows" trademark, claiming it is a generic term and had been adjudged unenforceable when it has not.  Microsoft's trademark registrations associated with Office Pro 2003 are valid and afford Microsoft the right to enforce its intellectual property rights conferred by the United States Patent and Trademark Office.  Defendants have failed to allege that Microsoft engaged in any misuse that relates to the acquisition of the rights that Microsoft attempts to assert in this action.

Defendants further argue that their defense of unclean hands as a trademark defense is appropriate for a variety of reasons, including the theory that "Microsoft encourages and condones the subterfuge and deception its employees use in seeking potential sources of

counterfeit software." [Opposition, p. 7.] All of Defendants' theories are equally unavailing. Defendant's "subterfuge" theory is defective in that Microsoft's use of a private investigator in obtaining counterfeit software from Defendants does not constitute unclean hands. See, e.g., Cartier v. Symbolix, Inc., 386 F. Supp. 2d 354 (S.D.N.Y. 2005) (use of a private investigator to buy an infringing product to use as proof in court is not improper and does not constitute unclean hands). Defendants also claim Microsoft has unclean hands because "Microsoft has no legitimate purpose in bringing litigation when the subject of the litigation is limited to used software." [Opposition, p. 7.] The subject matter of the instant litigation is not "used software" but rather Defendants' dealings in *counterfeit* software.

Defendants' trademark misuse and unclean hands defenses are unrelated to the facts alleged in the complaint. Defendants' misuse and unclean hands defenses have no relationship to Defendants' distribution of counterfeit Microsoft software. Defendants neither allege in their Answer nor articulate in their Opposition that Microsoft misused or abused its trademarks beyond the ordinary and proper protections afforded. Defendants cannot prove a set of facts in support of the affirmative defenses that would defeat Microsoft's complaint and Defendants' misuse and unclean hands defenses fail as a matter of law.

## II.   THE COURT SHOULD STRIKE DEFENDANTS' ANTITRUST AFFIRMATIVE DEFENSE.

Defendants' antitrust affirmative defense must be stricken because Defendants have failed to show a relationship between the purported antitrust violation by Microsoft and Defendants' infringing acts. See Coca-Cola Co. v. Howard Johnson, Co., 386 F. Supp. 330, 337 (N.D. Ga. 1974). An antitrust based affirmative defense has no place in an action where

a trademark holder seeks relief that is unrelated to any purported antitrust violation on its part.  Id.  Defendants have not alleged any connection between their distribution of *counterfeit Microsoft software* and Microsoft's alleged antitrust violations.  Notably, Defendants do not respond to Microsoft's argument that they cannot establish the requisite nexus between Microsoft's supposed anticompetitive conduct and Defendants' acts of infringement.  As such, Defendants' antitrust affirmative defense is legally insufficient and should be stricken.

## CONCLUSION

For the reasons set forth above and in Microsoft's Motion to Strike, Microsoft respectfully requests that the Court strike Defendants' Fourth, Fifth, Eighth and Ninth Affirmative Defenses.

DATED this 20th day of August, 2008.

Respectfully submitted,

By_____/s/_____
    John K. Roche (VSB# 68594)
    Perkins Coie, LLP
    607 Fourteenth Street N.W., Suite 800
    Washington D.C.  20005-2003
    Phone:  202-434-1627
    Fax:  202-654-9106
    JRoche@perkinscoie.com

Attorney for Plaintiff Microsoft Corporation

## CERTIFICATE OF SERVICE

I hereby certify this 20th day of August, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following individual:

Jenine Elco Graves, VSB# 44877
QUINTO & WILKS, P.C.
3441 Commission Court
Lake Ridge, Virginia  22192
Phone: 703-492-9955
Fax: 703-492-9455
jgraves@quintowilks.com

Co-counsel for Defendants

And I hereby certify that I will mail the document by U.S. mail and electronic mail to the following non-filing user:

Timothy W. Graves, VSB# 45414
A ATTORNEY LLC
9300 Grant Avenue, Suite 203
Manassas, Virginia  20110
Phone: 703-365-8306
Fax: 703-365-8307
a-atty@verizon.net

Co-counsel for Defendants

By_____/s/_____
        John K. Roche (VSB# 68594)
        Perkins Coie, LLP
        607 Fourteenth Street N.W., Suite 800
        Washington D.C.  20005-2003
        Phone:  202-434-1627
        Fax:  202-654-9106
        JRoche@perkinscoie.com

        Attorney for Plaintiff Microsoft Corporation