IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION,                    ) | |
|        Plaintiff,                                              ) | Case No. 1:08cv00596-GBL-JFA |
| v.                                                                 ) | |
| L&Y ELECTRONICS, INC., *et al.*,           ) | |
|        Defendants.                                       ) | |

**PLAINTIFF MICROSOFT CORPORATION'S
<u>OPPOSITION TO DEFENDANT SANGSOON LINTON'S MOTION TO COMPEL</u>**

Plaintiff Microsoft Corporation ("Microsoft") submits this Opposition to the Motion to Compel brought by defendant Sangsoon Linton, an individual.

<u>**INTRODUCTION AND BACKGROUND FACTS**</u>

Defendants L&Y Electronics, Inc., John A. Linton, and Sangsoon Linton (collectively, "Defendants") are distributors of counterfeit Microsoft software. In March 2007, Defendants distributed counterfeit Microsoft Office Professional Edition 2003 ("Office Pro 2003") software components. [Complaint, ¶ 12.] Despite receiving a cease and desist letter and information from Microsoft on how to avoid future infringement, in April 2008, Defendants again distributed counterfeit Office Pro 2003 software components. [Complaint, ¶¶ 13-14.]

As a result of their distribution of counterfeit Office Pro 2003 software components, Defendants infringed several registered copyrights and trademarks. Microsoft is the sole owner of all of the marks and copyrights at issue in this action. Microsoft attached as exhibits to its complaint copies of the applicable copyright and trademark registrations, which are prima facie evidence of Microsoft's ownership.

In an attempt to expand the scope of this litigation unnecessarily, Defendants have

propounded more than 250 discovery requests, many of which are irrelevant, overbroad, and unduly burdensome.[1] Among the objectionable discovery requests are defendant Sangsoon Linton's ("Defendant") First Set of Document Requests, which are the subject of the instant motion to compel. Defendant's sweeping requests seek essentially any document pertaining to the registration of the copyrights and trademarks that Defendants infringed by distributing counterfeit Microsoft software components. Specifically, Defendant requests "complete registration application[s]" for each of the registered copyrights and trademarks at issue in this action, copies of all "office actions and responses" for obtaining the applicable copyright registrations, and "all United States Patent and Trademark filings, correspondence, office actions and responses" for obtaining the applicable trademark registrations at issue in this case. Defendant also requests copies of "all contracts, documents and assignments assigning and/or transferring ownership of any intellectual property" associated with the copyrighted software programs and trademarks to Microsoft. These requests are wholly irrelevant to this matter and unnecessarily duplicative and burdensome because Microsoft has already provided Defendant with its copyright and trademark registrations, which not only establish that Microsoft is the registered owner of valid copyrights and trademarks, but also describe the parameters of each mark and copyright.[2] Defendant's motion to compel should be denied in its entirety.

---

[1] Defendants' far-reaching discovery requests are another example of Defendants' attempts to divert the focus from their unlawful conduct. In response to Microsoft's complaint, Defendants attempted to allege antitrust and breach of warranty counterclaims and asserted extraneous affirmative defenses of copyright misuse, trademark misuse, antitrust law violations, and unclean hands. The Court granted Microsoft's motion to dismiss the counterclaims and granted its motion to strike the baseless affirmative defenses.

## ARGUMENT

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, a party may obtain discovery regarding non-privileged matters that are relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1).  A court must limit the extent of discovery where the discovery sought is "unreasonably cumulative or duplicative" or the burden of the proposed discovery "outweighs its likely benefit, considering the needs of the case…the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C).

Defendant's document requests are not relevant to this action and are unnecessarily duplicative and unduly burdensome.  Defendant erroneously claims that the requested documents are necessary to defend against Microsoft's request for statutory damages available under the Copyright Act and the Lanham Act.[3]  Defendant contends – without legal support or argument – that Microsoft must produce all documents regarding its registration of the applicable copyrights and trademarks in order to seek statutory damages.

Under the Copyright Act, a copyright owner must register its copyright with the United States Copyright Office before it can seek statutory damages for copyright infringement.  17 U.S.C. § 412.  Likewise, a trademark owner may recover statutory damages for a defendant's use

---

[2]  For the Court's convenience, the copyright and trademark registrations attached as exhibits to Microsoft's complaint are also attached to Microsoft's Opposition as exhibits 1-16.

[3]  Both the Copyright Act and the Lanham Act allow a successful plaintiff to elect to recover an award of specified statutory damages.  A copyright owner may elect, at any time before final judgment is rendered, to recover "instead of actual damages and profits, an award of statutory damages for all infringements involved in the action."  17 U.S.C. § 504(c)(1).  In cases involving use of a counterfeit mark, a trademark owner may elect, at any time before final judgment, to recover an award of statutory damages that may be enhanced if the infringement is willful.  See 15 U.S.C. § 1117(c).  Alternatively, a successful plaintiff can elect to recover damages calculated by its actual losses and the defendant's profits.  See 17 U.S.C. § 504(b); 15 U.S.C. § 1117(a).  Microsoft has not yet elected to recover statutory damages under the Copyright and Lanham Acts in lieu of Defendants' profits and Microsoft's actual damages.

of a counterfeit mark, which is defined as a counterfeit of a mark that has been registered with the United States Patent and Trademark Office. See 15 U.S.C. §§ 1116(d); 1117(c). Microsoft registered all of the copyrights and the trademarks that Defendants infringed and attached copies of the registration certificates as exhibits to its complaint. Microsoft has therefore satisfied any conditions precedent to seeking statutory damages. Defendant's motion does not explain how the contents of a registration application or the manner in which Microsoft obtained its registrations have any bearing on Microsoft's ability to elect statutory damages.

     Defendant also cannot explain how the requested registration applications and documents associated with Microsoft's acquisition of its registered copyrights and trademarks have any relevance to this action. This case is about Defendants' distribution of counterfeit Microsoft software, resulting in infringement of various copyrights and trademarks owned by Microsoft. Because Microsoft's ownership of the marks and copyrights infringed by Defendants is relevant to this action, Microsoft provided Defendants with the registration certificates for the copyrights and trademarks. The copyright registration certificates attached as exhibits to Microsoft's complaint are *prima facie* evidence of Microsoft's ownership of valid copyrights. See 17 U.S.C. § 410(c), see also Hamil Am., Inc. v. GFI, Inc., 193 F.3d 92, 98 (2d Cir. 1999); M. Kramer Mfg. Co. v. Andrews, 783 F.2d 421, 434 (4th Cir. 1986). Similarly, the trademark registrations constitute *prima facie* evidence of Microsoft's exclusive right to use the marks, and the validity of the trademarks, as well as of the facts stated in the relevant registration certificates. 15 U.S.C. §1057(b); Brittingham v. Jenkins, 914 F.2d 447, 452 (4th Cir. 1990). In fact, the majority of the marks at issue have been in continuous use by Microsoft for over five years since the date of registration, such that Microsoft's right to use these marks is incontestable. See 15 U.S.C. § 1065 (right to mark becomes incontestable after registration and continuous use for five years);

Eli Lilly & Co. v. Natural Answers, Inc., 233 F.3d 456, 461 (7th Cir. 2000). The registration certificates attached to Microsoft's complaint are the only documents necessary to evaluate Microsoft's ownership of the copyrights and marks at issue in this matter.

Defendant claims in her motion that she requested "copies of all documents that would identify whether or not Microsoft has transferred ownership of the copyrights [and trademarks] to others." [Motion to Compel, ¶¶ 3, 4.] While documents pertaining to Microsoft's transference of ownership of the copyrights and trademarks would be a relevant topic of discovery, Defendant did not seek those documents in her discovery requests. Defendant requested that Microsoft provide copies of documents transferring ownership of the copyrights and marks *to* Microsoft from third parties, not documents transferring ownership of the copyrights and marks *from* Microsoft to third parties as Defendant asserts in her motion. Microsoft is the registered owner of the marks and copyrights at issue. If Defendant had requested documents regarding Microsoft's transfer of its ownership of the registrations at issue, the answer would be "none." Defendant has simply not established any need for the extensive documents where Microsoft has already provided copies of the registration certificates for the copyrights and trademarks at issue in this case.

Defendant further claims that the requested copyright and trademark files are needed because "the substance of what is registered does not appear in the [copyright] registration certificates" and "the trademark registrations have product limitations" that require "the trademark file histories." [Motion to Compel, ¶¶ 7, 8.] Again, Defendant's requests are unnecessary, irrelevant, duplicative and burdensome because Microsoft has provided Defendant with its copyright and trademark registrations. The copyright registrations expressly describe the material covered by the copyrights. For example, the registration for Microsoft's "Office Word

2003" copyright states that the copyright covers "the entire work – computer software program, documentation, and text on product packaging." Similarly, the trademark registrations describe the goods covered by the applicable marks. For example, the registration for "Outlook" (Trademark Registration No. 2,188,125) indicates it is for "computer programs for providing enhanced electronic mail and scheduling capabilities…" The registration certificates attached to Microsoft's complaint plainly describe the scope of the copyrights and trademarks at issue. Defendant's requests for the registration applications and registration files are overbroad, unduly burdensome, and duplicative of information already in Defendant's possession.

## CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that defendant Sangsoon Linton's motion to compel be denied in its entirety.

DATED this 8th day of October, 2008.

Respectfully submitted,

By /s/
John K. Roche (VSB# 68594)
Perkins Coie, LLP
607 Fourteenth Street N.W., Suite 800
Washington D.C. 20005-2003
Phone: 202-434-1627
Fax: 202-654-9106
JRoche@perkinscoie.com

Attorney for Plaintiff Microsoft Corporation

## CERTIFICATE OF SERVICE

I hereby certify this 8th day of October, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following individuals:

| | |
|---|---|
| Jenine Elco Graves, VSB# 44877<br>QUINTO & WILKS, P.C.<br>3441 Commission Court<br>Lake Ridge, Virginia  22192<br>Phone: 703-492-9955<br>Fax: 703-492-9455<br>jgraves@quintowilks.com<br><br>Co-counsel for Defendants | Timothy W. Graves, VSB# 45414<br>A ATTORNEY LLC<br>9300 Grant Avenue, Suite 203<br>Manassas, Virginia  20110<br>Phone: 703-365-8306<br>Fax: 703-365-8307<br>a-atty@verizon.net<br><br>Co-counsel for Defendants |

By_____/s/_____
    John K. Roche (VSB# 68594)
    Perkins Coie, LLP
    607 Fourteenth Street N.W., Suite 800
    Washington D.C.  20005-2003
    Phone:  202-434-1627
    Fax:  202-654-9106
    JRoche@perkinscoie.com

Attorney for Plaintiff Microsoft Corporation